**SO ORDERED.**

**SIGNED August 27, 2012.**

ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

REWA CHARGOIS                                          CASE NO. 11-51448

    Debtor

---

MEMORANDUM RULING

---

    Before the court is the Motion to Amend Joint Application for Allowance of Compensation and Reimbursement of Expenses for Attorney for Trustee filed by Christian Lewis and Glenn Armentor Law Corporation ("Movants"). Movants were employed by the Chapter 7 trustee to represent the estate in connection with the debtor's pre-petition personal injury claims. The court previously approved the settlement of the debtor's personal injury claims and a joint application approving the Movants' attorneys fees and expenses. Movants now seek court approval of additional expenses incurred in connection with the representation. Specifically, Movants seek reimbursement of $8040.52 of medical expenses arising from the debtor's accident and guaranteed by Movants. Movants contend that

these expenses were not included in the original joint application because the Trustee objected.  The Trustee contends that the medical expenses at issue are merely pre-petition unsecured claims because the health care providers at issue did not establish a valid lien against the settlement under La. R.S. 9:4752. The Trustee also contends that the expenses were not previously approved by the court as reasonable, necessary, and beneficial to the estate.

After considering the parties' submissions and arguments of counsel, the court GRANTS Movants' motion.  The court agrees with Movants that the expenses are reimbursable. The court approved the retention of Movants to pursuant to 11 U.S.C. §§ 327 and 330. Section 330 provides that the court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person," as well as "reimbursement for actual, necessary expenses."  Based on the submission by Movants, the medical expenses at issue were actually incurred (albeit not yet paid) in the course of treating the debtor's injuries from the accident, and appear reasonable in light of the other expenses incurred in the case.  Apart from treating the debtor's injuries, these types of medical services typically aid in the litigation of the estate's claim post-petition through medical reports and other evidence supporting the claim. Moreover, although the reimbursement of these expenses is ultimately governed by section 330, these expenses also give rise to an attorneys' lien under La. R.S. 37:218 even though they have not yet been paid. See Theodile v. RPM Pizza, Inc. 865 S. 2d 980 (La. App. 3 Cir. 02/04/04)(medical expenses and litigation-related costs advanced or guaranteed by attorney were part of attorney's

fee and were covered by La. R.S. 37:218).  In sum, these expenses qualify for  reimbursement as actual, necessary expenses pursuant to section 330 and the court's orders approving the retention.

Counsel for Movants shall submit an Order granting the Motion within 10 days, to be approved as to form by counsel for the Trustee.

###